UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE TERRELL GRANT,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO,<br><br>  Defendant. | Case No. 2:21-cv-0628-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S COMPLAINT WIHTOUT PREJUDICE<br><br>ECF No. 1 |

Plaintiff, a state prisoner at Rio Consumnes Correctional Center, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. Additionally, plaintiff has filed an application to proceed *in forma pauperis* (ECF No. 2) which makes the proper showing and will be granted.[1] Because plaintiff acknowledges that he has not completed the prison grievance process, I recommend that plaintiff's complaint be dismissed without prejudice.

---

[1] Plaintiff must pay the requisite filing fee in accordance with the concurrently filed collection order.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff makes claims against the County of Sacramento as well as "medical staff," including an individual or individuals described as "nurse/doctor" at Rio Consumnes Correctional

Center ("RCCC").² ECF No. 1 at 2. Plaintiff states that on January 11, 2021, he dislocated his finger and immediately informed staff at RCCC of his injury. *Id.* at 3. After 2.5 hours, he was seen by a nurse, who ordered that x-rays be taken. *Id.* He was seen five days later by a doctor who referred him to a bone specialist. *Id.* Plaintiff was seen seven days after the referral by a specialist who informed him that too much time had passed, and the healing process was too advanced for any treatment. *Id.* The specialist told him that he now needs surgery, and that this surgery might not be successful. *Id.*

In this case, I find it appropriate to consider exhaustion. "The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016) (quoting 42 U.S.C. § 1997e(a)). The availability of administrative remedies must be assessed at the time the prisoner filed his action. *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017). "There is no question that exhaustion is mandatory under the PLRA[.]" *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted) (cited with approval in *Ross*, 136 S. Ct. at 1856). The administrative exhaustion requirement is based on the important policy concern that prison officials have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

Here, plaintiff states that he has not yet completed the grievance process for the claim at issue. *Id.* at 2 (checking the box for "No" in response to the question, "Is the grievance process completed"). Although dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment, *see Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), the exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," *id.* at 1166; *see also Jones*, 549 U.S. at 215 (finding dismissal appropriate when an affirmative defense appears on the face of the

---

² Though plaintiff does not include the medical staff in his case caption, and the docket does not reflect they are defendants, "a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983). Accordingly, the court finds that the nurse and doctor are defendants in this action.

complaint). This is such a case.

If a court concludes that a prisoner failed to exhaust his available administrative remedies before filing a civil rights action, the proper remedy is dismissal without prejudice. *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005). Accordingly, this PLRA mandate requires dismissal of this action without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. The Clerk of Court is directed to randomly assign a judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice due to plaintiff's failure to exhaust prison administrative remedies before commencing this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 7, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4